# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 17-1829V
## Filed: October 11, 2019
UNPUBLISHED

---

PEGGY DOUGHERTY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

---

Special Processing Unit (SPU);
Attorneys' Fees and Costs

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for*
*respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Corcoran,** Chief Special Master:

      On November 21, 2017, petitioner filed a petition for compensation under the
National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the
"Vaccine Act"). Petitioner alleges that she developed Guillain-Barré Syndrome ("GBS")
as a result of an influenza ("flu") vaccination administered on September 16, 2016.
Petition at 1, 3. On September 19, 2019, a decision was issued by then Chief Special
Master Nora Beth Dorsey, awarding compensation to petitioner based on the parties'
stipulation. ECF No. 47.

---

[1] It is my intent to post this decision on the United States Court of Federal Claims' website. **This means
the decision will be available to anyone with access to the Internet.** In accordance with Vaccine
Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the
disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I find that the
identified material fits within this definition, I will redact such material from public access. Because this
unpublished decision contains a reasoned explanation for the action in this case, I am required to post it
on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.
44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for
ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §
300aa (2012).

On September 27, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 51.   Petitioner requests attorneys' fees in the amount of $43,628.20 and attorneys' costs in the amount of $1,517.73.  *Id.* at 1 - 2.   Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $125.34 in out-of-pocket expenses. Thus, the total amount requested is $45,271.27.

On September 30, 2019, respondent filed a response to petitioner's motion.  ECF No. 52.   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On September 30, 2019, petitioner filed a reply.  ECF No. 53.   Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

I have reviewed the billing records submitted with petitioner's request.  In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, I hereby **GRANT** petitioner's motion for attorneys' fees and costs.

**Accordingly, petitioner is awarded the total amount of $45,271.27[3] as follows:**

- **A lump sum of $45,145.93, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Alison H. Haskins; and**

- **A lump sum of $125.34, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **Petitioner requests checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.